UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRIAN KING,

    Petitioner,

    v.                             CAUSE NO. 1:25-CV-483-PPS-AZ

SHERIFF,

    Respondent.

OPINION AND ORDER

Brian King, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in connection with Case No. 02D04-2307-F4-51 and Case No. 02D04-2508-F6-1133 filed in the Allen Superior Court.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, King asserts that he is entitled to habeas relief because he was unlawfully arrested and detained on August 3, 2025. The circumstances of this arrest appear to have provided the impetus for the revocation of his bond in Case No. 02D04-2307-F4-51 and the initiation of Case No. 02D04-2508-F6-1133. However, King does not explain why he believes his arrest and detention were unlawful. Though he provides some detail about his arrest following a traffic stop, he provides no specific facts suggesting that either his arrest or his pretrial detention were unlawful.

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Further, review of the electronic docket for the State court reveals that significant developments have taken place in the State criminal cases since King filed the habeas petition. Specifically, on September 16, 2025, King pled guilty in Case No. 02D04-2307-F4-51, and a sentencing hearing is set for October 24, 2025. It further reveals that, on September 16, 2025, the trial date and pretrial conference were cancelled in Case No. 02D04-2508-F6-1133 pursuant to an agreed resolution, and it appears that the Allen Superior Court will dismiss this case on October 24, 2025.

These circumstances suggest that King's pretrial detention in both State criminal cases will soon come to an end and that the habeas petition will soon be moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."). Relatedly, if King now intends to challenge his conviction and sentence rather than his pretrial detention, he may not do so in this habeas case.

Out of an abundance of caution, I will allow King an opportunity to file an amended petition challenging his pretrial detention rather than immediately dismissing this case for mootness and for failure to state a claim. If King chooses to file an amended petition, he must include an explanation as to why he believes that this case should not be dismissed as moot.

For these reasons, the court:

(1) GRANTS Brian King until November 24, 2025, to file an amended habeas petition consistent with this Order; and

(2) CAUTIONS Brian King that, if he does not respond by that deadline, this case will be dismissed as moot without further notice.

**SO ORDERED** on October 9, 2025.

    /s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT