UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN KING, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-483-PPS-AZ |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Brian King, a prisoner without a lawyer, initiated this case by filing a habeas petition. ECF 1. On October 9, 2025, I reviewed the habeas petition and construed it as challenging his pretrial detention in Case No. 02D04-2307-F4-51 and in Case No. 02D04-2508-F6-1133, filed in the Allen Superior Court. ECF 5. I found that the petition did not state any valid claims because King had asserted that he was unlawfully arrested and detained, but did not allege specific facts describing how his arrest and pretrial detention were unlawful. I also observed that the State court docket indicated that Case No. 02D04-2508-F6-1133 would soon be dismissed and that King would soon be sentenced in Case No. 02D04-2307-F4-51, rendering any challenge to his pretrial detention moot. However, I allowed King an opportunity to file an amended petition rather than immediately dismissing this case.

On October 20, 2025, King filed a response to my order with the information he intended to include in an amended petition while also requesting the court's form for a habeas petition. ECF 6. However, this response and State court developments now lead

to the conclusion that allowing King another opportunity to amend the petition would be futile. Specifically, in this response, King clarifies that he only intended to challenge his pretrial detention in Case No. 02D04-2508-F6-1133, which I accept. According to the State court docket,[1] the Allen Superior Court dismissed that criminal case on October 27, 2025. Consequently, King is no longer in pretrial detention or any other form of custody as a result of Case No. 02D04-2508-F6-1133. Therefore, I decline to allow King another opportunity to amend the petition based on futility, and I dismiss the operative petition as moot.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, I deny King a certificate of appealability.

For these reasons, the court:

(1) DENIES Brian King leave to amend the petition (ECF 6-1);

(2) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are moot;

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

(3) DENIES Brian King a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to CLOSE this case.

SO ORDERED.

ENTERED: December 5, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT